IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Damion Lamar Carter,

       Petitioner,                          Case No. 3:19-cv-815

       v.                                  **ORDER**

Ed Sheldon, Warden,

       Respondent.

       This is a *pro se* state prisoner habeas corpus proceeding under 28 U.S.C. § 2254(d). Following referral for a Magistrate Judge's Report & Recommendation, Magistrate Judge David A. Ruiz has filed a Report & Recommendation, recommending that I grant the government's motion to dismiss the petition as untimely. (Doc 12).

       Petitioner thereafter filed an objection to the Report & Recommendation. (Doc. 13).[1] In his objections, the petitioner claims that the Ohio Court of Appeals' decision that he lacked a sufficient reason for his failure to file his appeal timely was erroneous. He further claims that the Magistrate Judge erred in holding his petition time-barred because, he asserts, he did not discover that he had a right to appeal until he read about that right in an opinion issued on June 9, 2017.[2]

       For the reasons that follow, on the basis of *de novo* review, I find the Magistrate Judge's Report & Recommendation well-taken, adopt the Report & Recommendation as the order of court, and dismiss the petition. In addition, I decline to issue a Certificate of Appealability, as jurists of reason could not rationally reach a different conclusion.

### Background

       On January 11, 1996, an Allen County, Ohio grand jury indicted the petitioner on one count of aggravated murder with an accompanying firearm specification. On March 8, 1996, the petitioner, represented by counsel,

---

[1] The Ohio Attorney General declined to file a response to the petitioner's objection.

[2] Petitioner has stated his objection to the Magistrate Judge's finding his petition untimely in objections 2-4; however, all three objections are based on his assertion that he first learned of his appeal right in 2017.

entered into a negotiated plea to a reduced charge of murder with a firearm specification. (Doc. 12, pgID# 558). The court sentenced him to a term of 15 years to life imprisonment.

The petitioner failed to file a timely notice of appeal. His judgment of sentence, therefore, became final thirty days later, on April 7, 1996, when the time for filing an appeal expired.

Beginning two years after that deadline had passed, the petitioner filed numerous post-conviction filings. The Ohio courts rejected each of those filings as untimely. As a result, none of those filings tolled the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. ("AEDPA"). *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (untimely state post-conviction petitions do not toll the AEDPA one-year filing deadline); F.3d 598, 602 (6th Cir. 2003) (a state post-conviction petition cannot restart the AEDPA deadline once it has expired).

In response to his latest state post-conviction proceeding – a motion for a delayed direct appeal -- the Ohio courts rejected the petitioner's claim that he did not learn of his right to file a direct appeal until the Ohio Court of Appeals mentioned it in denying that motion in an opinion issued June 19, 2017. That court found, *inter alia*, the petitioner's filing of those numerous post-conviction pleadings between 1999 and 2017 belied his claim that he only discovered his right to appeal in 2017.[3]

**Discussion**

The Magistrate Judge agreed with the Ohio Court of Appeals' conclusion that the petitioner's claim to have first discovered his right to direct appeal in 2017 was meritless. In addition, he found in the alternative that the petitioner's habeas petition also would be untimely because petitioner failed to exercise the required diligence during the twenty years he claimed it took him to learn of his appellate rights. I agree.

Because the petition is untimely, I may not reach the merits of the petitioner's claim.

It is, accordingly,

ORDERED THAT:

1. The petitioner's objections to the Magistrate Judge's Report & Recommendation be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation be, and the same hereby is, adopted as the Order of this Court; and

---

[3] Petitioner's contention that the government has conceded that he learned of his right to appeal by no earlier than 2013 is meritless. The government merely advanced an alternative argument for the court to reach if it rejected the argument that, exercising reasonable diligence, he would have discovered his right to appeal much earlier.

3. The petition for a Writ of Habeas Corpus be, and the same hereby is, dismissed with prejudice.

An appeal from this order could not be taken in good faith, and jurists of reason could not rationally dispute its findings and conclusions. Therefore, no Certificate of Appealability shall issue.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge